A97A2279. APOLLO TRAVEL SERVICES v. GWINNETT COUNTY BOARD OF TAX ASSESSORS.
(498 SE2d 297)

BIRDSONG, Presiding Judge.

Apollo Travel Services appeals from the grant of summary judgment to the Gwinnett County Board of Tax Assessors. This case concerns the denial of Apollo's request for an inventory/freeport ad valorem tax exemption under OCGA § 48-5-48.2. The Board of Tax Assessors denied the request because the property on which the exemption was claimed was leased equipment which the Board determined was not eligible for a freeport exemption.

Apollo appealed this decision to the Gwinnett County Board of Equalization, and when that appeal was unsuccessful, further appealed to the superior court. After considering the parties' cross-motions for summary judgment, the superior court ruled that "the computer equipment at issue is leased for a term of years and upon completion of the lease term returned to the State of Georgia for storage and re-rental, and therefore, under OCGA § 48-5-48.2 (b) (3) the equipment would not meet the requirement that the goods be destined for shipment 'to a *final destination* outside this state.' " Therefore, the superior court granted the Board of Tax Assessors' motion for summary judgment and denied Apollo's motion. Apollo now appeals contending that the trial court erred by considering an issue not raised before the Board of Equalization, by holding that all of Apollo's inventory failed to have a final destination outside of Georgia, by granting summary judgment in a manner allowing for discriminatory taxation, and by deciding that the freeport exemption is not available on leased equipment which were fixed assets and not inventory.

Apollo, a national distribution company for a computer reservation system, sought a personal property ad valorem tax exemption on more than 99 percent of its computer inventory that was stored in its Gwinnett County warehouse and which would be shipped to destinations outside of Georgia. Apollo is a licensed national distributor of computer hardware and software for the computer travel reservation system owned by Galileo International Partnership. Apollo owns the computer hardware and stores the hardware in its Gwinnett warehouse until it is leased and shipped to users of the Galileo system. According to Apollo, at least 97 percent of the computer hardware is shipped outside the state and remains there during the computer's

useful life. Although some of the computers may eventually be returned to Apollo at its Gwinnett County facility until it is placed with another user of the Galileo reservation system, some computers are scrapped at the end of their leases and others are redeployed to other Galileo users without returning to Georgia.

Apollo leases the computers only in connection with the Galileo system. The user fees paid for use of the system comprises 70 percent of Apollo's income; the other 30 percent is derived from fees paid for use of the computers and software. Further, if the lessee meets certain quotas, there is a 100 percent discount on the rental fees.

Apollo's computers are not sold or leased separately from the Galileo system but are only leased to travel agencies in connection with the Galileo system. Additionally, Apollo's lease places several restrictions on the lessees: the equipment may be used only at the location specified; Apollo installs and removes the equipment; and Apollo provides all support, repair and maintenance for the leased equipment and limits the personnel who may use the equipment. Additionally, the lease agreement describes the leased equipment as "Apollo Equipment." *Held*:

1. The burden of proof in a tax appeal to the superior court is on the party who initiated the appeal. *Hawkins v. Grady County Bd. of Tax Assessors*, 180 Ga. App. 834 (3) (350 SE2d 790). Therefore, in this case the burden was on Apollo. Further, laws granting an exemption from taxation must be construed strictly in favor of the taxing authority (*Rayle Elec. Membership Corp. v. Cook*, 195 Ga. 734, 735 (2) (25 SE2d 574); *Chilivis v. Cleveland Elec. Co.*, 142 Ga. App. 751, 752 (1) (236 SE2d 872)), and all doubts must be resolved against the taxpayer. *Blackmon v. Screven County Indus. Dev. Auth.*, 131 Ga. App. 265, 267 (205 SE2d 497). Consequently, no exemption will be allowed unless the exemption is clearly and distinctly intended by the legislature. *Chilivis v. Marble Products Co.*, 135 Ga. App. 187 (1) (217 SE2d 441).

2. Further, the standards applicable to motions for summary judgment generally are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). On appeal, a grant of summary judgment will be affirmed if it is right for any reason (*Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (431 SE2d 746)), and when reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Boulware v. Quiktrip Corp.*, 226 Ga. App. 399 (486 SE2d 662); *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432).

3. Disposition of this appeal requires us to determine what property the General Assembly intended to be covered by the freeport exemption. "In construing a legislative act, a court must first look to the literal meaning of the act. [Cit.] If the language is plain and does

not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry" (*Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227)), and statutory construction " 'must square with common sense and sound reasoning.' " *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (i) (418 SE2d 367). Additionally, however, statutes must be construed in accordance with their real intent and meaning and must not be construed so strictly as to defeat the legislative purpose. *Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816, 817 (403 SE2d 97). In this sense, a statute should be read according to its natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (391 SE2d 5).

4. The central issue in this appeal is whether the computers, that Apollo claims should be exempted from taxation, constituted inventory of finished goods within the meaning of the freeport exemption. In Gwinnett County the following personal property is exempt from ad valorem taxes: "Inventory of finished goods which, on January 1, are stored in a warehouse, dock, or wharf, whether public or private, and which are destined for shipment to a final destination outside this state and inventory of finished goods which are shipped into this state from outside this state and stored for transshipment to a final destination outside this state." OCGA § 48-5-48.2 (b) (3). "Finished goods" are defined as "goods, wares, and merchandise of every character and kind but shall not include unrecovered, unextracted, or unsevered natural resources or raw materials or goods in the process of manufacture or production or the stock in trade of a retailer." OCGA § 48-5-48.2 (a) (2). Further, " '[s]tock in trade of a retailer' means finished goods held by one in the business of making sales of such goods at retail in this state, within the meaning of Chapter 8 of this title, when such goods are held or stored at a business location from which such retail sales are regularly made. Goods stored in a warehouse, dock, or wharf, including a warehouse or distribution center which is part of or adjoins a place of business from which retail sales are regularly made, shall not be considered stock in trade of a retailer to the extent that the taxpayer can establish, through a historical sales or shipment analysis, either of which utilizes information from the preceding calendar year, or other reasonable, documented method, the portion or percentage of such goods which is reasonably anticipated to be shipped outside this state for resale purposes." OCGA § 48-5-48.2 (a) (4).

We do not find that the superior court erred by denying Apollo's motion for summary judgment and by granting summary judgment to the Board of Tax Assessors. In reaching this determination we do not rely upon the precise reasoning of the superior court, but find

that the computers in question do not meet the definition of "inventory of finished goods" as contemplated by OCGA § 48-5-48.2 because these computers are not goods being held for shipment to final destinations outside of this state for resale.

Instead, we find that under our law these computers are in the nature of Apollo's stock-in-trade which Apollo is holding merely for shipment to its retail customers who use the Galileo computer system, and not for shipment for "resale purposes." OCGA § 48-5-48.2 (a) (4).

Therefore, looking to the real intent and meaning of the statute (*Johnson v. Housing Auth. of Atlanta*, supra) and reading the statute according to the natural and most obvious import of its terms (*Burbridge v. Hensley*, supra), we find that Apollo is not entitled to a freeport exemption for these computers. Accordingly, under these circumstances the superior court did not err in denying Apollo's request for a freeport exemption. A grant of summary judgment which is right for any reason will not be reversed. *Malaga Mgmt. Co. v. John Deere Co.*, supra at 767. Further, we do not find that the superior court considered an issue not raised before the Board of Equalization or ruled in a manner that would allow discriminatory taxation.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED FEBRUARY 26, 1998

*Holland & Knight, Raymond P. Carpenter, Keith J. Reisman, James R. McCain, Jr.*, for appellant.

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell, Caryl Sumner*, for appellee.