A99A1970, A99A1971. GENERAL ELECTRIC CAPITAL COMPUTER SERVICES v. GWINNETT COUNTY BOARD OF TAX ASSESSORS (two cases).

(523 SE2d 651)

McMURRAY, Presiding Judge.

These are the third and fourth cases between appellant-plaintiff General Electric Capital Computer Services ("GECC") and the Gwinnett County Board of Tax Assessors. The history of this matter dates back to the early 1990s. GECC desired to establish a warehouse facility to store testing and measuring equipment which it held for sale, lease and rental to customers in and out of Georgia. Assured that this sort of inventory would be eligible for freeport exemption from ad valorem taxation under OCGA § 48-5-48.2, GECC located its warehouse facility in Gwinnett County and, as promised, was granted a freeport exemption for tax year 1992. In tax year 1993, however, the Board of Tax Assessors denied GECC's application for freeport exemption. On appeal, the superior court reversed by final order and judgment entered June 7, 1994 ("1994 order").

After further appeal to this Court in 1995, this Court affirmed the 1994 order without opinion. A year later, the parties entered into a consent order to resolve disputes which arose after the 1994 order was entered. Therein the Board of Tax Assessors agreed to refund to GECC ad valorem taxes paid in 1993 to the extent these were determined subject to freeport exemption from taxation and granted GECC's 1994 and 1995 applications for the freeport exemption. GECC, in turn, waived its right to seek additional sums, and all counterclaims were dismissed with prejudice.

The underlying actions arise out of the Board of Tax Assessors' denial of GECC's applications for freeport exemption in tax years 1996 and 1997 upon the finding that GECC's Gwinnett County warehouse inventory did not qualify for the exemption for failure to meet the requirements of OCGA § 48-5-48.2. In companion appeals, GECC challenges the superior court's orders denying its motions for summary judgment and granting the Board of Tax Assessors' cross-motions for summary judgment as to its applications for freeport

exemption in tax years 1996 and 1997, Case Nos. A99A1970 and A99A1971, respectively. Because these cases raise identical issues of law based on the same facts, we hereby consolidate them for disposition in a single appellate decision. *Held*:

1. In five enumerations of error, GECC contends that the superior court erred in denying its motion for summary judgment variously arguing that the doctrine of collateral estoppel precluded the relitigation of the question of the eligibility of its Gwinnett County warehouse inventory for the freeport exemption from ad valorem taxation. We agree.

Upon reviewing the grant or denial of a motion for summary judgment

> this Court conducts a de novo review of the law and the evidence. Further, the standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. (Additionally,) on motions for summary judgment, the court cannot resolve the facts or reconcile the issues. (Citations omitted.) *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 696-697 (1) (490 SE2d 150) (1997).

*Ultima Real Estate Investments v. Saddler*, 237 Ga. App. 635-636 (516 SE2d 360).

Inasmuch as the Board of Tax Assessors was a proper party under OCGA § 48-5-311 (e) and because the 1994 order became a final judgment on the entry thereof, OCGA § 5-6-34, the basis of GECC's freeport exemption under OCGA § 48-5-48.2 was res judicata as to its 1993 claim for exemption from taxation therein litigated. *Fulton County Tax Commr. v. Gen. Motors Corp.*, 234 Ga. App. 459, 464 (1) (507 SE2d 772). Further, in the absence of significant factual change, collateral estoppel on the issue of GECC's eligibility for the freeport exemption was made applicable to the Board of Tax Assessors on all future applications for tax-exempt status. Id.

> "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require

identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, the issue must actually have been decided." *Waldroup v. Greene County Hosp. Auth.*, [265 Ga. 864, 866-867 (463 SE2d 5)].

Id. at 465. That the 1994 order constituted a final order on the merits between the parties is not disputed. In ruling upon both claims for tax exemption below, the trial court found that the facts have not changed since the 1994 order was entered, and there is no claim to the contrary. Under these circumstances, collateral estoppel as to the freeport exemption issue is applicable to the years 1996 and 1997 herein disputed and, upon annual application, to the years thereafter. Id. at 464. Inasmuch as the Board of Tax Assessors' arguments to the contrary regarding record keeping, final destination, the status of the goods as stock-in-trade, and the limitation applicable for seeking exemption, challenge the freeport exemption issue decided or necessarily decided by the 1994 order, we conclude these arguments are without merit.

Neither are these appeals foreclosed procedurally for GECC's failure to submit duly certified copies of the record from the case on which it seeks to rely. The Supreme Court of Georgia, however, has limited this requirement to the defense of res judicata, *Boozer v. Higdon*, 252 Ga. 276, 277 (1) (313 SE2d 100), and the superior court adequately approved the 1994 order by its findings of fact in the orders appealed from herein. Id. at 278; *Lil Champ Food Stores v. Dept. of Transp.*, 230 Ga. App. 715, 719 (5) (498 SE2d 94) ("An appellate court will not disturb fact findings of the trial court if there is any evidence to support them. [Cit.]").

Moreover, we conclude that the superior court's grant of summary judgment to the Board of Tax Assessors upon this Court's decision in *Apollo Travel Svcs. v. Gwinnett County Bd. of Tax Assessors*, 230 Ga. App. 790 (498 SE2d 297), constituted an impermissible relitigation of GECC's eligibility for freeport exemption, the issue the Board of Tax Assessors was estopped to deny by the 1994 order. *Fulton County Tax Commr. v. Gen. Motors Corp.*, 234 Ga. App. at 464-465 (1), supra. While we denied the taxpayer a freeport exemption in

*Apollo* finding its inventory ineligible for exemption as "stock-in-trade" under OCGA § 48-5-48.2 (a) (4), *Apollo Travel Svcs. v. Gwinnett County Bd. of Tax Assessors*, 230 Ga. App. at 793, supra, the 1994 order ruled to the contrary as to at least a portion of GECC's inventory. Pertinently, the 1994 order ruled that the "portion of [GECC's] inventory which is in its possession and held for sale or lease on the assessment date, qualifies for a [f]reeport exemption from the ad valorem tax under OCGA § 48-5-48.2." The evidence is that no change as to the relevant inventory occurred thereafter. Accordingly, we conclude that the superior court erred as a matter of law in granting summary judgment to the Board of Tax Assessors and denying summary judgment to GECC. *Ultima Real Estate Investments v. Saddler*, 237 Ga. App. at 636, supra.

Because the 1994 order held that only a "portion" of GECC's inventory was eligible for the freeport exemption and the parties disagree as to GECC's entitlement to exemption, we must remand these cases for consideration of the sufficiency of GECC's showings in support of the instant applications for grant of freeport exemption from ad valorem taxation. OCGA § 48-5-311 (g) (3), (4); *Fulton County Tax Commr. v. Gen. Motors Corp.*, 234 Ga. App. at 461 (1), supra (" '(I)t is initially the county board of tax assessors and, in the event of continued disagreement, the (superior court) who must consider the taxpayer's showing and make appropriate (grant of freeport exemption if all conditions are satisfied).' *East West Express v. Collins*, [264 Ga. 774, 775-776 (449 SE2d 599)].)."

2. In Case No. A99A1970 GECC contends that the superior court erred in failing to grant it attorney fees under OCGA §§ 9-15-14 and 13-6-11. In light of our disposition in Division 1, we further direct that the superior court reconsider on remand GECC's request for attorney fees.[1]

3. The remaining contentions have been considered and are deemed moot by our holdings in Division 1.

*Judgments reversed and cases remanded. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 19, 1999 —
RECONSIDERATION DENIED NOVEMBER 2, 1999 — 

*Holland & Knight, Keith J. Reisman, Ragsdale, Beals, Hooper & Seigler, David K. Beals, Lisa F. Stuckey*, for appellant.

---

[1] GECC requested attorney fees in Case No. A99A1970 by supplemental brief in support of its motion for summary judgment. The superior court impliedly denied this request in denying the motion for summary judgment without addressing the same.

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell, Karen G. Thomas*, for appellee.