## A05A1870. THOMAS COUNTY BOARD OF TAX ASSESSORS v. THOMASVILLE GARDEN CENTER, INC.

(627 SE2d 192)

SMITH, Presiding Judge.

In this appeal, the Thomas County Board of Tax Assessors (the Board) appeals from the order of the Thomas County Superior Court granting summary judgment to the Thomasville Garden Center, Inc. (the Garden Center). In granting the Garden Center's motion, the superior court upheld the decision of the Thomas County Board of Equalization that the Garden Center's real property is exempt from ad valorem taxes for the year 2001. Because we find that neither of the Board's two enumerations of error has merit, we affirm the judgment of the superior court.

In 1992, the Thomas County Superior Court entered an order finding that the Garden Center's property qualified for tax-exempt status for the year 1991. The 1992 superior court order was based upon facts stipulated by the parties, and the superior court concluded that based upon the stipulated facts, the property met the three criteria set forth in *York Rite Bodies of Freemasonry &c. v. Bd. of Equalization &c.*, 261 Ga. 558 (2) (408 SE2d 699) (1991) (*York Rite I*), for a "purely public charity" entitled to tax-exempt status. Those criteria are as follows: (1) "the owner must be an institution devoted entirely to charitable pursuits"; (2) "the charitable pursuits of the owner must be for the benefit of the public; and" (3) "the use of the property must be exclusively devoted to those charitable pursuits." Id. In *York Rite I*, the Georgia Supreme Court cautioned that "it must be remembered that the mere facts that the owner is a non-profit institution, that its charter declares it to be a charitable institution, and that the institution serves a benevolent purpose do not necessarily lead to the conclusion that the institution is exempted from ad valorem taxation by OCGA § 48-5-41 (a) (4)." Id. at 558-559 (2) (a).

In 2001, the Board notified the Garden Center that it was denying the property's tax-exempt status because it did not meet the *York Rite I* criteria in 11 respects. The Garden Center's appeal to the Thomas County Board of Equalization resulted in a reversal of that decision, which was affirmed on appeal to the superior court. The Garden Center's motion for summary judgment was made on the ground of collateral estoppel resulting from the 1992 order.

1. The Board contends that the superior court erred in affirming the board of equalization because "[s]tare decisis trumps collateral estoppel." It asserts that the principle of stare decisis is the appropriate rule to apply to the facts here. In support of this argument, the Board points to two cases decided after *York Rite I* in which this court held that the property of the charitable institutions involved was not entitled to tax-exempt status: *Cobb County Bd. of Tax Assessors v.*

*Marietta Educational Garden Center*, 239 Ga. App. 740 (521 SE2d 892) (1999), and *Bd. of Equalization v. York Rite Bodies of Freemasonry &c.*, 209 Ga. App. 359 (433 SE2d 299) (1993) (*York Rite II*). The Board argues that stare decisis mandates that we follow those decisions. We do not agree.

Under the doctrine of stare decisis, when a "court has once laid down a principle of law as applicable to a certain state of facts, it will adhere to that principle, and apply it to all future cases, where facts are substantially the same." (Citation and punctuation omitted.) *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684, 686 (333 SE2d 835) (1985). The doctrine of stare decisis is unlike that of res judicata or collateral estoppel, because it does not preclude claims or issues. Id. Its application does not act as a bar. Id. It does, however, dictate the conclusion of law to be made upon a given set of facts. Id. It follows that the doctrine of stare decisis is applied in almost all cases, because it is a fundamental principle of our legal system that our courts rely on binding precedent and established principles of law to determine the outcome of cases presenting particular facts.

The doctrine of stare decisis was used in *Marietta Educational*, supra, 239 Ga. App. 740, when the court applied the criteria set forth in *York Rite I*, supra, 261 Ga. at 558-559 (2), to the unique facts of that case to reach the conclusion that the Marietta Educational Garden Center was not entitled to tax-exempt status. Stare decisis was also involved in this court's decision in *York Rite II*. After the Supreme Court decided *York Rite I*, this court upon remittitur remanded the case to the trial court to determine whether the facts warranted tax-exempt status using the criteria set forth in *York Rite I*.[1] The trial court found in favor of the taxpayers, and an appeal was filed in this court. We reversed, after analyzing the facts with reference to the criteria established in *York Rite I*. *York Rite II*, supra, 209 Ga. App. 359. As pointed out by the Garden Center, when the facts of two cases are not substantially the same, the court's decision in each case may not be the same, although the same legal principles are involved.

Contrary to the Board's statement that the facts in the *Marietta Educational* case are "virtually identical to the facts" in this case, we find that those facts are not even "substantially the same" as those in this case. See *Norris*, supra, 254 Ga. at 686. For example, both the ownership structure and the use of the property differ from that in this case. In *Marietta Educational*, the Marietta Council of Garden Clubs, Inc. used the property owned by the Educational Garden Center, a separate entity. Id. at 741. The Marietta Council used the

---

[1] *York Rite Bodies of Freemasonry &c. v. Bd. of Equalization*, 202 Ga. App. 487 (414 SE2d 749) (1992).

property free of charge. The Educational Garden Center carried on no charitable activities; it simply made its property available for use by the Council. Id. Under *York Rite I*, "merely making real estate available to other public or charitable institutions for their use [is in]sufficient to qualify for the tax exemption. Instead, the use of the property must be exclusively devoted to conduct that benefits the public by furthering the charitable pursuits of its owner." (Citation and punctuation omitted.) Id. at 559 (2) (c). In this case, the Thomasville Garden Club owns the property and also carries on charitable activities. Stare decisis therefore does not mandate that the result here be the same as that in *Marietta Educational.*

The same is true of *York Rite II*, relied upon by the Board. Our reversal in that case was based on the facts, which are distinguishable from those present here. For example, membership in the York Rite Masons was limited to men over the age of 21, id. at 360, while membership in the Thomasville Garden Club is unrestricted and open to the general public. We found that although the York Rite Masons devote substantial time and money to charitable pursuits, the evidence showed that over 40 percent of monetary donations to the Masons were used for exclusively Masonic purposes. Id. Monetary donations to the Thomasville Garden Club are used for maintaining the Garden Center property. Because their facts are different, the holdings in *Marietta Educational* and *York Rite II* are not relevant to this case. Stare decisis therefore did not require the superior court to follow those decisions in determining whether the Thomasville Garden Center was entitled to tax-exempt status.

2. It should be apparent from our analysis in Division 1 of this opinion that we reject the Board's argument that collateral estoppel cannot be applied in this case.

> In Georgia, the collateral estoppel doctrine precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.

(Citations omitted.) *Shields v. BellSouth Advertising & Publishing Corp.*, 273 Ga. 774, 777 (II) (545 SE2d 898) (2001).

Our appellate courts have followed the lead of the United States Supreme Court in deciding the circumstances under which collateral

estoppel will or will not apply. In *Gwinnett County Bd. of Tax Assessors v. Gen. Elec. Capital Computer Svcs.*, 273 Ga. 175, 178 (1) (538 SE2d 746) (2000), the court noted that in the context of tax disputes, the U. S. Supreme Court has held that the purpose of collateral estoppel is to prevent "redundant litigation of the same question of a statute's application to the taxpayer's status." (Citation omitted.) Id. *Gen Elec. Capital* held in the context of freeport exemptions that "[i]t is plain that collateral estoppel applies to successive years . . . based upon substantially the same facts." (Citation omitted.) Id.

When the significant facts have been "vitally altered" since the previous determination, or a change or development occurs in the law that renders the past determination erroneous for future purposes, collateral estoppel will not apply. *Gen. Elec. Capital*, supra, 273 Ga. at 178 (1). This court has noted the same principle. Collateral estoppel is not a bar when "a new determination is warranted to take account of an intervening change in the law." (Citation and punctuation omitted.) *Jackson v. City of College Park*, 230 Ga. App. 487, 490 (1) (496 SE2d 777) (1998).

Neither party argues that the facts regarding the property and its use have changed since 1992. In fact, several witnesses deposed in this case were asked to name any changes in the relevant facts that have occurred since 1992 and could not or did not do so. The Board argues instead that *Marietta Educational* and *York Rite II* changed the law significantly or at least "clarified" the criteria set forth in *York Rite I*, supra, 261 Ga. at 558-559 (2), to the extent that collateral estoppel does not apply.

As discussed in Division 1, neither *Marietta Educational* nor *York Rite II* changed or even clarified the law set forth in *York Rite I*. In reaching the conclusion that a particular garden center or Masonic lodge was not entitled to tax-exempt status, this court merely applied the established criteria announced in *York Rite I* to different facts. The decisions in *Marietta Educational* and *York Rite II* therefore do not compel a particular result in this case. The law remains as it was in 1992 when the superior court applied it to find that the Garden Center was entitled to tax-exempt status. It follows that the superior court did not err in granting the Garden Center's motion for summary judgment on the ground that collateral estoppel bars relitigation of this issue.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED FEBRUARY 14, 2006.

*Whitehurst, Blackburn, Warren & Kelley, Ronald B. Warren*, for appellant.

*Alexander & Vann, Raleigh W. Rollins*, for appellee.