**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**September 9, 2013**

# In the Court of Appeals of Georgia

A13A1469, A13A1470. MORGAN COUNTY BOARD OF TAX
    ASSESSORS v. VANTAGE PRODUCTS CORPORATION;
    and vice versa.

MCMILLIAN, Judge.

Vantage Products Corporation ("Vantage") manufactures and sells burial grave liners, which it stored on property in Morgan County, among other locations. This appeal involves an attempt by the Morgan County Board of Tax Assessors ("the Board") to collect ad valorem taxes from Vantage for the tax year 2010. Because the taxability of the stored grave liners was litigated and decided adversely to the Board by consent order in a previous action, we find that the trial court erred in failing to grant summary judgment to Vantage.

The undisputed facts show that Vantage manufactures grave liners, also referred to as burial vaults, and then sells the vaults to funeral homes. The funeral

home sells the vaults as part of a funeral package to customers through what is referred to as a "pre-need program." Each customer is provided with a certificate of ownership for their vault, and Vantage retains possession of the vaults and stores them for the customer until the certificate of ownership is redeemed and Vantage ships the vaults to the directed location.

One of Vantage's storage sites for the vaults is in Morgan County. In 2010, the Board sought to assess an ad valorem tax against Vantage for the vaults stored at this facility. During the taxable period at issue, Vantage stored 39,543 vault domes and 10,249 vault bases in Morgan County, and the Board valued the vaults at $50 each for purposes of its assessment. Vantage appealed the assessment to the Board of Equalization ("BOE") and removed the vaults from Morgan County.

The BOE ruled in favor of Vantage, finding "that there is no taxability of funeral vaults stored in Morgan County." The Board appealed this ruling to the superior court, and both parties subsequently moved for summary judgment. In support of its res judicata defense, Vantage submitted the following "Consent Order," issued by the Morgan County Superior Court in 2001, which provides in full:

> Vantage Products duly filed an Appeal on October 19, 2000 raising the issue of taxability of the funeral vaults that it keeps stored in

2

facilities in Morgan County. These are products that are resold to customers through funeral homes and cemeteries. The customers pay for the vaults in advance and Vantage receives payment for those vaults from funeral homes and memorial gardens. Appellee understands, based in part on representations from Appellant, that each vault is sold by Vantage for less than $500.00. The vaults are then placed in storage and the customer is given a certificate of ownership which is redeemed when the vault is needed.

Vantage keeps the vaults in storage until the vaults are redeemed by the customer. These vaults are not taxable as property of Vantage for ad valorem tax purposes.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Vantage's Appeal is granted and it is the judgment of the Court that the vaults stored by Vantage in Morgan County are not taxable as the property of Vantage for ad valorem purposes. Each party shall bear its own costs and expenses.

The superior court denied both motions for summary judgment but granted the parties' joint motion for a certificate of immediate review. The Board filed an application for interlocutory appeal to this Court, which we granted, and timely filed its notice of appeal, which was docketed in this Court as Case Number A13A1469;

Vantage filed a cross-appeal, which was docketed in this Court as Case Number A13A1470. Because these appeals present identical issues, we decide them together.

OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Our courts have developed two closely related doctrines – res judicata and collateral estoppel – to assess whether a prior judgment precludes the subsequent claim or issue from being re-litigated. See *City of Demorest v. Roberts & Dunahoo Properties, LLC*, 288 Ga. App. 708, 713 (2) (655 SE2d 617) (2007) (contrasting res judicata and collateral estoppel). The primary difference in the two doctrines is that:

> Where there is identity of parties and subject matter, res judicata bars religitation of matters that were or could have been litigated in an earlier action. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action.

(Citations and punctuation omitted.) *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 286 Ga. App. 193, 195-196 (1) (648 SE2d 701) (2007), overruled on other

grounds in *Gilmer County Bd. of Tax Assessors v. Spence*, 309 Ga. App. 482 (1) (a) (711 SE2d 51) (2011).

In the case *sub judice*, the parties do not contest that the same parties were involved in the 2001 tax appeal, that the doctrine of "[c]ollateral estoppel is applicable to ad valorem property tax appeals to the superior courts," (citation omitted) Id. at 196 (1),[1] and that a consent judgment has the same preclusive effect as any other final judgment. See *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 424 (627 SE2d 549) (2006) ("Although a consent judgment is brought about by agreement of the parties, it is accorded the weight and finality of a judgment.").

Instead, the Board argues that Vantage failed to meet its burden of proving the defense of res judicata or collateral estoppel by "clear proof" because the record does not contain a description of the prior action and its proceedings, other than what is set

---

[1] "Our appellate courts have followed the lead of the United States Supreme Court in deciding the circumstances under which collateral estoppel will or will not apply." *Thomas County Bd. of Tax Assessors v. Thomasville Garden Center, Inc.*, 277 Ga. App 591, 593-594 (2) (627 SE2d 192) (2006). Thus, in *Gwinnett County Bd. of Tax Assessors v. Gen. Elec. Capital Computer Svcs.*, 273 Ga. 175, 178 (1) (538 SE2d 746) (2000), our Supreme Court, relying on the holding of the United States Supreme Court in *Commissioner of Internal Revenue v. Sunnen*, 333 U. S. 591 (68 SCt 715, 92 LEd 898) (1948), noted that the purpose of collateral estoppel is to prevent "redundant litigation of the same question of a statute's application to the taxpayer's status."

out on the face of the consent order. See *Mayer v. Wylie*, 229 Ga. App. 282, 283 (2) (494 SE2d 60) (1997). But a final prior certified order or judgment may be sufficient to prove the defense, depending on the circumstances of the particular case. *Boozer v. Higdon*, 252 Ga. 276, 278 (2) (313 SE2d 100) (1984). Further, where, as here, the prior judgment has been entered by the same court, the court may take judicial notice of the prior judgment, obviating the need for certification.[2] *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984).

We thus turn to the terms of the consent order. Although the order does not specifically set out the *claims* that were asserted in the prior case, which is an element for determining whether the doctrine of res judicata applies, it does contain sufficient detail to identify the *issues* litigated and decided in the 2001 tax appeal, which was the taxability of vaults sold to customers but stored by Vantage in Morgan County. See *Boozer*, 252 Ga. at 278 (order showed that issue was raised in the prior proceeding, fully litigated, decided by a court with competent jurisdiction, and necessary to the final judgment). Indeed, the Board concedes that the "consent order appears to address the similar issue in this case–whether [Vantage] is responsible for

---

[2] We further note that the Board has not challenged the consent order on the grounds that it is uncertified.

6

the ad valorem taxes on burial liners stored in Morgan County." Accordingly, we believe this case should be properly analyzed by applying the principles of collateral estoppel.

At the outset, we note that the Board based its assessment on the provisions of OCGA § 48-5-16, and that section has not been amended or changed since the 2001 Consent Order was entered.[3] The Board does not contend otherwise, but argues that, because the order contains very little specific information, there could have been "substantial fact[] changes," which may have occurred since the 2001 order.[4]

___

[3] OCGA § 48-5-12 provides: "Unless otherwise provided by law, all real and personal property of nonresidents shall be returned for taxation to the tax commissioner or tax receiver of the county where the property is located." OCGA § 48-5-16 (a) governs ad valorem taxes assessed on property owned by Georgia residents: "Any person who conducts a business enterprise upon real property, which is not taxable in the county in which the person resides or in which the person's office is located, shall return for taxation the tangible personal property of the business enterprise to the tax commissioner or tax receiver of the county in which is taxable the real property upon which the business enterprise is located or conducted." And with respect to non-state residents, OCGA § 48-5-16 (b) provides: "When the agent in this state of any person who is a resident of another state has on hand and for sale, storage, or otherwise merchandise or other tangible property, he shall return the property for taxation as provided in Code Section 48-5-12."

[4] It is also pertinent to note that the Board did not challenge Vantage's assertion of its collateral estoppel defense in the trial court. Although it is true, as the Board points out, that Vantage carried the burden of proof on this issue, it is equally true that such a strategy carries the risk that the prevailing party in the trial court, such as the Board, might be faced with an undeveloped record to support their arguments

7

Specifically, the Board argues that Vantage may have used a different accounting methodology to track the vaults and that the vaults stored at the time of the 2010 assessment may not be the same or have the same owners as those stored at the time of the 2001 order. That assumption is likely true since it can be safely assumed that some of the vaults have been removed for use and others would have been added to the facility in the ensuing years.

We recognize that a past determination may become "obsolete or erroneous, at least for future purposes" due to facts which are "vitally altered" between the first and second judgment, but we do not find that to be the case here. See *Gwinnett County Bd. of Tax Assessors v. Gen. Elec. Computer Svcs.*, 273 Ga. 175, 178 (1) (538 SE2d 746) (2000). Even accepting the Board's hypotheses to be true, we do not believe that different owners or a different accounting methodology means the situation existing at the time of the 2001 Consent Order had been "vitally altered" when the Board issued the 2010 assessment. For purposes of its assessment under OCGA § 48-5-16, the Board merely divided the owners into two categories–in-state and out-of-state residents–and the individual or specific ownership of the vaults appears to be largely irrelevant to this classification. Further, the 2001 order, which

upon appellate review.

8

on its face was entered with the consent of the parties, was broadly and generically written to encompass the "vaults that [Vantage] keeps stored in facilities in Morgan County," and makes no reference to the individual owners and does not refer to specific vaults.

Accordingly, we find that the Board is collaterally estopped from re-litigating the issue of whether vaults stored by Vantage in Morgan County are subject to ad valorem taxes. Thus, the superior court properly denied the Board's motion for summary judgment, but the order denying Vantage's motion for summary judgment must be reversed.

*Judgment affirmed in Case No. A13A1469. Judgment reversed in Case No. A13A1470. Andrews, P. J., and Dillard, J., concur.*