38807. LOWRY v. SMITH, by Next Friend.

FRANKUM, Judge. "A defendant can not decline to litigate in a suit in which he has already been brought into court by bringing another action, since he is bound to set up all defenses in the first suit, either legal or equitable, whether or not they involve the granting of affirmative relief." *Jeffrey McElreath Mfg. Co. v. Hill,* 212 Ga. 183 (1) (91 S. E. 2d 337). See also *Mitchell v. State Highway Dept.,* 216 Ga. 517 (118 S. E. 2d 88); *Johnson v. Fulton County,* 216 Ga. 498 (117 S. E. 2d 155).

"It is a recognized rule of law that one may not refuse to file a defense to a pending suit against himself and then proceed to bring another action setting forth as grounds for recovery matters that should be pleaded as a defense to the pending

suit." *Vaughan v. Vaughan,* 209 Ga. 730, 731 (75 S. E. 2d 545).

*Code* § 3-601 provides, in part: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party . . . and the pendency of the former [suit] shall be a good defense to the latter, if commenced at different times." However, as provided in *Code* § 3-607, ". . ./ if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." See also *Dobson v. Truscon Steel Co.,* 70 Ga. App. 574 (28 S. E. 2d 870).

In the instant case the plaintiff is seeking to sue for damages in DeKalb County when an action by the defendant, arising out of the same occurrence, is pending in Fulton County, to which the plaintiff in the instant case filed defensive pleadings. The plaintiff contends that the defendant, a minor, filed suit in Fulton County in his own name without a guardian *ad litem,* and for such reason, the suit was fatally defective whereby it cannot be the basis for sustaining a plea in abatement. We do not agree. The first suit, though defective, was not one in which no possible recovery could be rendered. "A suit commenced and prosecuted by an infant alone shall not be void; and although the suit may be defective in wanting a guardian or next friend, the defect shall be amendable before verdict and cured by verdict." *Code* § 3-115.

The trial court did not err in sustaining the plea in abatement and dismissing the petition.

*Judgment affirmed. Townsend, P. J., and Jordan, J., concur.*

DECIDED APRIL 28, 1961.

*Lucio L. Russo,* for plaintiff in error.
*Richard G. Greer,* contra.