## 48083. WATTS v. KUNDTZ.

DEEN, Judge. Louvenia Kundtz filed an action in the Superior Court of DeKalb County against Earl L. Watts and Candler Manor, Inc. based on an alleged breach of a contract whereby the plaintiff had agreed to make certain funds available to Watts, majority stockholder of the corporate defendant, for purchase of hotel property by the latter, for the use of Candler Manor, Inc., Kundtz to receive a note, security deed, and an option to purchase stock in the corporation. The prayers of the petition were for receivership, specific performance of the contract or damages in lieu thereof, and injunction against the placing of any encumbrance on the hotel property. Expenses of litigation were also sought based on bad faith and stubborn litigiousness. Apparently in support of this latter item of damage the

plaintiff alleged that Watts had previously filed a tort action in the Superior Court of Fulton County against herself and two others alleging a conspiracy to defraud him of the hotel property, and that one Tarantino, a stockholder of Candler Manor, Inc., had filed an action in the Superior Court of DeKalb County against her seeking cancellation of a warranty deed on the property executed to the plaintiff.

Based on these allegations, the defendant Candler Manor, Inc. moved to dismiss the petition on the ground of another suit pending (Code §§ 3-601 and 3-607) and for judgment on the pleadings. The denial of the motion forms the basis of this appeal. *Held:*

1. The appellant primarily bases his case on the principles set out in *Lowry v. Smith,* 103 Ga. App. 601 (120 SE2d 47) that one may not refuse to file a defense to a pending suit, and then bring an action based on the grounds which he might have urged as a defense to the first suit in a second one; also, that affirmative relief arising out of the same transaction must be sought by compulsory counterclaim. Code Ann. § 81A-113 (a). We need not decide the extent, if any, to which Code § 3-607 has been broadened by Code Ann. § 81A-113 (a). Formerly, both the same parties and the same cause of action were required to be shown. Cf. *Bird v. Trapnell,* 148 Ga. 301 (96 SE 417). The bare reference to an action by Watts against three persons, one of whom was the plaintiff, and an action by a third party against her, are not enough to establish either identity of subject matter or sufficient transactional identity to indicate compulsory counterclaim.

2. Where no evidence is introduced in support of a plea or motion based on the pendency or adjudication of a previous action, the trial court cannot take judicial notice of the pleadings in the previously instituted suit. *Akins v. Beaver,* 98 Ga. App. 472 (106 SE2d 91); *Altman v. Fla.-Ga. Tractor Co.,* 217 Ga. 292 (3) (122 SE2d 88).

For the plea or motion to avail, the record in the former action must be introduced in evidence. *Findley v. Johnson,* 84 Ga. 69 (4) (10 SE 594). Zerox copies of pleadings and orders are not properly certified, not offered in evidence, not stipulated by the parties, and merely attached as exhibits to a brief of law filed in the trial court for the information of the judge do not serve this purpose. It follows that the trial court properly denied the motions of the defendant Candler Hotel, Inc. to dismiss the action or, in the alternative, for judgment on the pleadings.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.* ARGUED APRIL 3, 1973 — DECIDED APRIL 13, 1973.

*L. C. Chrietzberg,* for appellant.
*Margaret Hopkins, James R. Venable,* for appellee.