65561. CONTINENTAL INSURANCE COMPANY v. HIGDON.
65562. BOOZER v. HIGDON.

SHULMAN, Chief Judge.

Appellee brought suit against appellants and others for damages arising from alleged mismanagement of appellee's estate during a period when she was incompetent. Appellant Boozer is appellee's sister and was guardian of her person and property for the period from which the controversy arose. Continental was surety on Boozer's guardian's bond. Appellee alleged in her complaint that her estate

was mismanaged by Boozer and others, that Boozer had taken commissions not due her, and that Boozer had defrauded her by expending appellee's funds for the support of their mother. This appeal is from the grant of summary judgment against these appellants. The enumerations of error of both appellants, though lengthy, raise only two questions: whether there was a question of fact concerning the existence of a trust purportedly created by the will of appellee's late husband for the support of appellee's mother, and whether the trial court should have abated this suit or at least denied summary judgment on the ground that there was a prior suit pending or that there had been a prior adjudication of the issues here involved.

1. Appellee has moved to dismiss these appeals on the ground that summary judgment was actually entered several months before the entry of the order from which these appeals were taken. However, since the first order granted summary judgment against less than all the defendants and did not have the finality language of OCGA § 9-11-54 (b) (Code Ann. § 81A-154), the time for filing a notice of appeal did not begin to run upon the entry of the first summary judgment order. *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641). It was not until the entry of the order specified in the notice of appeal that the time for filing the notice of appeal began to run. The notices of appeal were filed within 30 days of that order and were, therefore, timely. The motion to dismiss is denied.

2. Boozer raised defensively the pendency of another action between the same parties in another court and later asserted the existence of a prior adjudication of the issues in this case. However, she failed to support her assertions with sufficient evidence to successfully maintain either defense.

In support of the pendency claim, copies of various pleadings and of correspondence between the parties were submitted as attachments to an affidavit. None of the documents was certified as a record of any court. In an effort to raise the defense of res judicata, a certified copy of a judgment of a probate court was filed. However, the judgment was not accompanied by any of the pleadings or other documents of record from that case.

"For the plea or motion [based on the pendency or adjudication of a previous action] to avail, the *record* in the former action must be introduced in evidence. [Cit.]" (Emphasis supplied.) *Watts v. Kundtz,* 128 Ga. App. 797, 799 (197 SE2d 859). The trial court committed no error in rejecting the defenses based on pendency of a prior action or on res judicata.

3. Appellants' contention that there is a question of fact concerning the existence of a trust from which expenditures for the support of appellee's and Boozer's mother were properly made is also

unavailing. The argument in support of the trust is based on a purported will of appellee's late husband. However, that will was never made a part of the record except for a copy appended as an exhibit to a brief filed with the trial court. There was no certification whatever to show the genuineness of the will, rendering the copy inadmissible. OCGA § 24-5-25 (Code Ann. § 38-214). Since evidence submitted in connection with a summary judgment must be admissible (*Wheat v. Montgomery*, 130 Ga. App. 202 (5) (202 SE2d 664)), and the copy of the will was not admissible, there was no evidence of the will's contents which could have been considered by the trial court. We note that it is clear from the copy of the purported will that, even if it had been admissible, the language of the will would have demanded the conclusion that there was no trust as alleged by appellants. The only provision for a trust was contingent on appellee dying with or before her husband. Since she is presently in life, that contingency never arose and no trust came into being.

Since appellants failed to support by competent evidence any of their defenses and since their enumerations of error were directed only to the rejection of their defenses, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 15, 1983 —
REHEARING DENIED JUNE 30, 1983 —

*John W. Hinchey, M. Michael Egan, Jr., C. James Jessee, Jr., Karen W. Rowles, Max D. Kaley,* for appellants.
*J. Eugene Wilson,* for appellee.