## 40167. BOOZER v. HIGDON.

SMITH, Justice.

Harriet Boozer and Donna Higdon are sisters. In 1974 Higdon was adjudicated mentally incompetent and Boozer was appointed guardian of her person and property in Cobb County Probate Court. Higdon was declared restored to competency in 1979, and in June of 1980 she sued Boozer in Fulton County Superior Court for alleged fraud and mismanagement of her estate during the period of her incompetency. The gravamen of Higdon's complaint is that Boozer wrongfully appropriated $11,527.50 from her estate and used the money to pay medical and funeral expenses of their mother, who passed away in 1975. Boozer defended in part by asserting that the mismanagement issue had already been litigated and decided in her favor in Cobb County Probate Court. In support of her res judicata plea Boozer offered a certified copy of a probate court judgment, dated April 27, 1981, which stated that a full accounting of the Higdon estate had been made and that no improper expenditures or mismanagement occurred.

The superior court judge rejected Boozer's res judicata defense, granting partial summary judgment for Higdon in the amount of $11,527.50 plus interest. Boozer and Continental Insurance Co., the surety on Boozer's guardian bond, appealed, and the Court of Appeals affirmed. *Continental Ins. Co. v. Higdon,* 167 Ga. App. 231 (306 SE2d 20) (1983). Citing *Watts v. Kundtz,* 128 Ga. App. 797 (197 SE2d 859) (1973), for the proposition that the entire record of the prior action must be introduced into evidence for a plea of res judicata to lie, the court held that Boozer had failed to sufficiently prove her res judicata defense. We granted Boozer's application for certiorari to decide in part whether the party relying on the defense of res judicata must introduce the entire record of the prior suit, or whether that party need only introduce those parts of the record

sufficient to prove the defense. We reverse.

1. We have examined the opinions of this court and the Court of Appeals pertaining to this issue, and we acknowledge that they are not entirely clear. In the leading case of *Gibson v. Robinson,* 90 Ga. 756 (16 SE 969) (1892), Justice Lumpkin had this to say concerning the requirements for proving a res judicata defense: "It is well recognized as a general rule, that where a judgment is relied on as an estoppel, or as establishing any particular state of facts of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the entire proceedings in which the same was rendered. But where the only direct object to be subserved is to show the *existence and contents* of such judgment, this rule does not apply, and a certified copy of the judgment entry of a court of record possessing general original jurisdiction is admissible, by itself, to prove rendition and contents . . ." Id. at 763. (Emphasis in original.)

Since *Gibson v. Robinson* was decided, our courts have faithfully adhered to its "entire record" rule, with a few notable exceptions. See *Stringfellow v. Stringfellow,* 112 Ga. 494 (37 SE 767) (1900); *Ranger Constr. Co. v. Robertshaw Controls Co.,* 158 Ga. App. 179 (279 SE2d 477) (1981). This court reaffirmed its continued allegiance to the rule as recently as 1975, in *Drummond v. Fulton County Dept. of Family &c. Services,* 237 Ga. 449, 454 (228 SE2d 839) (1976). But in a 1981 decision we indicated, in dicta, that only "*[s]uch portions* of the other case as are necessary to support a plea of res judicata must be proved in a manner provided by law." *Outz v. Whitworth,* 248 Ga. 208 (281 SE2d 620) (1981). (Emphasis supplied.) See also *Drummond,* supra, at 459-60 (Hill, J., concurring specially).

We now think that the interests of judicial economy and finality require that we modify the ruling in *Gibson v. Robinson* in order to bring it more in line with the realities of modern practice. In a time when the transcripts and records of cases routinely consist of several hundred pages of printed material and sometimes exceed a thousand pages, it is unrealistic and wasteful to require introduction of an entire record to prove a res judicata defense when excerpted portions of the record, selected testimony, or even a certified copy of the final judgment in the prior case may be sufficient to prove the defense. We therefore hold that a litigant seeking to prove a res judicata defense need introduce only those parts of the record of the prior proceeding, duly certified, which are necessary to prove the defense.

The requirements of proof will necessarily differ in each case, depending on the facts of the case and the precise defense raised. See 1B Moore's Federal Practice Par. 0.408[1], p. 293 (2d ed. 1983). For example, a litigant who pleads res judicata must show, at a minimum,

that the prior suit involved the same claim, was contested by the same parties, and was decided by a court of competent jurisdiction. See OCGA § 9-12-40 (Code Ann. § 110-501); *Spence v. Erwin,* 200 Ga. 672 (38 SE2d 394) (1946). Such a judgment, once proven, is conclusive as to all matters which were or could have been raised at the first trial. Ga. Prac. & Proc., § 27-4 (4th ed. 1975). In order to successfully plead collateral estoppel (or "estoppel by judgment," as it is sometimes called, *Blakely v. Couch,* 129 Ga. App. 625, 627 (200 SE2d 493) (1973)), one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision. See *Spence v. Erwin,* supra, at 673; Restatement 2d of Judgments, § 27 (1982).

2. The second part of our certiorari question asked whether Boozer's introduction into evidence in the superior court of a certified copy of a Cobb County Probate Court order was sufficient to prove her res judicata defense. From the record it appears that the order relied on by Boozer arose from a suit for an accounting filed by Higdon's next friend on her behalf. Following discovery, a bench trial was conducted which consumed two and one-half days. The judge then entered a four-page order setting out findings of fact and concluding, in relevant part, "The expenditure of all the funds on behalf of Dorris Marie Farris Higdon as was reflected by the checks and vouchers, as are set forth on each annual return, is hereby approved . . . [I]t is the ruling of this court that these funds were not improperly taken from the ward's funds and applied to the mother's expenditures with any intent of defrauding the ward's estate. The expenditure of these funds has been explicitly spelled out in the returns presented to the Court by the guardian . . ."

We hold, as a matter of law, that this probate court order was sufficient evidence to support Boozer's defense, when construed as a plea of collateral estoppel.[1] The issue of mismanagement of estate funds was raised in the prior proceeding, litigated fully by these parties, decided by a court of competent jurisdiction, and was necessary to the probate court's final judgment. See OCGA § 9-12-40 (Code Ann. § 110-501); *Spence v. Erwin,* supra. See also Bernhard v. Bank of America, 19 Cal. 2d 807 (122 P2d 892) (1942). The issue was thus conclusively determined in Boozer's favor, and the trial court's overruling of Boozer's res judicata defense and grant of summary judgment for Higdon was error.

---

[1] Boozer's defensive pleading did not specifically enumerate either res judicata or collateral estoppel as its grounds, but merely stated that "the matter [has been] formally adjudicated in the Probate Court of Cobb County . . ."

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 14, 1984.

*C. James Jessee, Jr.,* for appellant.
*Phillips & Mozley, M. Michael Egan, Jr., J. Eugene Wilson, Max D. Kaley,* for appellee.