A91A0385. JORDAN TRUCKING, INC. v. WILEY.
(405 SE2d 734)

CARLEY, Judge.

A simplified statement of the relevant facts in the instant appeal is as follows: Two tractor-trailer trucks collided. One truck was owned by Best Way Trucking Company, Inc. (Best Way) and was being operated by its employee, appellee-plaintiff Larry Wiley. The other truck was owned by Jordan Trucking Company, Inc. (Jordan) and was being operated by its employee. As the result of this collision, two separate lawsuits were eventually filed. In one of these actions, Best Way brought suit against Jordan, seeking to recover for its property damage, and Jordan counterclaimed against Best Way, seeking to recover for its property damage. That action was tried before a jury and resulted in a verdict and judgment in favor of Best Way. In the instant action, Wiley brought suit against Jordan, seeking to recover for his personal injuries, and Jordan counterclaimed against Wiley, seeking to recover its property damage. Wiley subsequently dismissed his complaint and, asserting that the judgment in favor of Best Way was res judicata, moved for summary judgment on Jordan's counterclaim. The trial court granted summary judgment in favor of Wiley and Jordan appeals.

1. Contrary to Jordan's contentions, the "entire record" of the prior proceeding need not be introduced in support of a res judicata defense. "[A] litigant seeking to prove a res judicata defense need introduce only those parts of the record of the prior proceeding, duly certified, which are necessary to prove the defense." *Boozer v. Higdon*, 252 Ga. 276, 277 (1) (313 SE2d 100) (1984).

2. Wiley was not a party to the action between his employer and Jordan and, consequently, his action against Jordan would not be barred by res judicata or estoppel by judgment. "[T]he master or servant who has never had a day in court cannot be barred by a prior adjudication against the other. '(A)n agency or master-servant rela-

tionship (does not) ipso facto (constitute) privity for purposes of res judicata or estoppel by judgment.' [Cit.]" *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684, 685 (333 SE2d 835) (1985). See also *Hunter v. Embree*, 122 Ga. App. 576 (178 SE2d 221) (1970). However, Jordan was a party to the prior action and, consequently, Wiley would be entitled to claim the benefit of the prior adjudication in favor of his employer as res judicata or estoppel by judgment on the issue of his non-liability in negligence for the damage to Jordan's property. *McNeal v. Paine, Webber, Jackson & Curtis*, 249 Ga. 662, 664 (2) (293 SE2d 331) (1982). It follows that the trial court correctly granted summary judgment in favor of Wiley on Jordan's counterclaim for property damage.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 30, 1991.

*Joe W. Rowland*, for appellant.
*Doremus, Jones & Smith, Julian B. Smith, Jr., Adams, Gardner, Ellis & Inglesby, George L. Lewis, Jones, Cork & Miller, Craig N. Cowart*, for appellee.