S95A0847. WAGGAMAN v. FRANKLIN LIFE INSURANCE
COMPANY et al.
(458 SE2d 826)

BENHAM, Chief Justice.

While married to each other, appellant Michael Waggaman and appellee Mary Frances Langford applied for and received a policy of life insurance issued by appellee Franklin Life Insurance Company ("Franklin") on the life of Waggaman. When Waggaman and Langford divorced in October 1993, the settlement agreement incorporated into the judgment and decree of divorce awarded the Franklin life insurance policy on Waggaman's life to Langford. In July 1994, Waggaman filed suit against Langford and Franklin seeking, among other things, a declaratory judgment that he owned the insurance policy issued on his life by Franklin. The trial court granted Langford's motion for summary judgment on the ground that the doctrine of res judicata estopped appellant from litigating the issue of the ownership of the policy as that issue had been adjudicated in the divorce action. Waggaman filed this appeal from the grant of summary judgment to Langford.

1. OCGA § 9-12-40 provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

A prior action may bar a subsequent action under the doctrine of res judicata if the prior action resulted in an adjudication by a court of competent jurisdiction and the two actions have an identity of parties and subject matter. *Fowler v. Vineyard,* 261 Ga. 454 (1) (405 SE2d 678) (1991). Res judicata is an affirmative defense (OCGA § 9-11-8 (c)) which must be established by the pleader. *Glen Oak v. Henderson,* 258 Ga. 455 (2) (369 SE2d 736) (1988). To carry her burden of proof, Langford introduced a certified copy of the final judgment entered in the divorce action filed by Frances L. Waggaman against Michael A. Waggaman wherein the Superior Court of Hall County awarded "[t]he Franklin Life Insurance policy insuring the life of [Michael Waggaman]" to Frances Waggaman. Langford also submitted her affidavit in which she set forth that she was formerly married to appellant Waggaman, was formerly known as Frances Waggaman,

and was divorced from appellant by the decree issued by the Superior Court of Hall County, the certified copy of which was attached. Appellant contends that res judicata does not bar his claim as there is no similarity of parties in this case and the divorce proceeding because the present action involves Franklin, which was not a party to the divorce action. Res judicata, however, does not require that all parties on the respective sides of litigation in both cases be identical, but only " 'those by and against whom the defense of res judicata is invoked. . . .' [Cit.]" *Gamble v. Gamble*, 204 Ga. 82, 87 (48 SE2d 540) (1948). As Langford clearly showed that the proponent of the defense and the party against whom it was asserted were the parties engaged in the earlier action, the trial court did not err when it sustained the affirmative defense against the attack on identity of parties. Id.

2. Appellant also contends there is no similarity of issues in this case and the divorce proceeding. He asserts that equitable division of marital property was the issue in the divorce, while a reformation of the insurance contract to show him as owner is the issue in the current litigation. "Where a judgment has been rendered on the merits, the doctrine of res judicata may not be avoided merely by requesting different relief in a subsequent suit." *Caswell v. Caswell*, 162 Ga. App. 72, 73 (290 SE2d 171) (1982). In both cases, the identical subject matter, ownership of the life insurance policy, was at issue. Waggaman had the opportunity to litigate the issue in the divorce proceeding, and his failure to do so bars him from filing a second action to relitigate with his former wife the issue of the ownership of the insurance policy. See *McIver v. Jones*, 209 Ga. App. 670, 673 (434 SE2d 504) (1993).

3. Lastly, appellant claims that Langford's failure to introduce the entire record of the divorce proceeding resulted in a lack of sufficient proof to enable the trial court to determine whether the parties and issues were the same. In *Boozer v. Higdon*, 252 Ga. 276, 277 (313 SE2d 100) (1984), this court held that a res judicata defense may be established by the introduction of only those certified portions of the record of the prior proceeding necessary to prove the defense. The entire record of the prior proceeding need not be introduced in support of a res judicata defense. *Jordan Trucking v. Wiley*, 199 Ga. App. 635 (1) (405 SE2d 734) (1991). The certified copy of the divorce judgment, coupled with Langford's affidavit, was sufficient evidence to support Langford's res judicata defense as they established that the issue of the ownership of the Franklin life insurance policy on Waggaman's life was raised in the divorce proceeding, litigated by Waggaman and Langford, and decided by a court of competent jurisdiction. Id. Therefore, the introduction into evidence of the remainder of the record from the divorce proceeding was not necessary.

*Judgment affirmed. Sears, Hunstein, Carley and Thompson, JJ.,*

*concur. Fletcher, P. J., disqualified.*

DECIDED JULY 13, 1995.

*William S. Hardman,* for appellant.
*Long, Weinberg, Ansley & Wheeler, James H. Fisher II, John F. Lyndon,* for appellees.