A97A0413. CLELAND v. GWINNETT COUNTY et al.
(487 SE2d 434)

BEASLEY, Judge.

Segars, a developer, began construction of a house on the lot next to Cleland's home. Cleland determined that based on the house's

foundation, the homes would not have the ten-foot space between them required by a local zoning ordinance and the subdivision plat. Segars sought a variance which was denied.

The zoning ordinance requires that detached single-family homes in the pertinent category "have a minimum five-foot side yard on each side." The subdivision plat requires a "combined total of 10 [feet] from roof line to roof line" between houses, and a drawing of a "typical lot layout" showing a distance of ten feet between two parallel houses.

After the denial of the variance, Segars revised the building plan, recessing a portion of the near wall to a profile so that the nearest point to Cleland's house was slightly more than ten feet away from the corner of her house, but keeping the front of the house as originally designed. Because of the way the two houses were located on their respective lots, a straight line drawn directly back from the front corner of the new house was still within ten feet of Cleland's side wall. The diagrams, plat, and other evidence of record show that the side yard of Segars' house, measured from the front corner, could not have five feet between the house and the property line if Segars' house was in compliance.

The county's department of planning and development rejected the altered building plan. Segars appealed to the Zoning Board of Appeals, which approved the redesign, ruling that because the total distance between the two houses was greater than ten feet, the plat requirement was satisfied. Despite the Board's adoption of the developer's desired meaning of "roof line to roof line," the developer appealed to the superior court, asking for a declaratory judgment on the matter. The court ruled that the term allowed the interpretation adopted. Although the court also referred to "the ordinance," it does not identify any ordinance and does not appear to interpret any ordinance.

Cleland also appealed the Board's decision and added counts for declaratory judgment on the meaning of the zoning ordinance, attorney fees for stubborn litigiousness, and damages to the value of her property. The superior court granted Segars' motion for summary judgment on the ground that the earlier superior court decision, rendered on Segars' appeal, collaterally estopped Cleland from asserting a different interpretation of the plat requirement or ordinance. Cleland sought an appeal under the discretionary review procedures of OCGA § 5-6-35 (a) (1), which was granted. Both Segars and the county are appellees.

" '[Collateral estoppel] prevents relitigation in a subsequent suit (involving a different cause of action) a matter which was actually adjudicated in a former case. (Cits.)' " *Miller v. Charles*, 211 Ga. App. 386, 387 (439 SE2d 88) (1993). It is available only when " 'the subse-

quent suit is between the same parties or their privies. (Cits.)' " Id.

Appellees contend Cleland is the county's privy for purposes of collateral estoppel, citing *DeKalb County v. Post Properties*, 245 Ga. 214, 219 (2) (263 SE2d 905) (1980), for the proposition that "where the interest of the [landowner] is identical to that of a governmental body . . . who is a named party, it will be assumed that the [landowner's] interests are adequately represented [by the governmental body], absent a 'concrete showing of circumstances in the particular case that make the representation inadequate.' [Cit.]" (Footnote omitted.)

That case does not control the question here. First, *Post Properties* involved intervention as a matter of right under OCGA § 9-11-24 (a) (2), when the issue was whether an applicant's interests were "adequately represented" within the meaning of that section. Second, by its very language the cited portion of *Post Properties* applies only when the interests of the governmental body and the landowner are identical. The county's position in the prior action in superior court advocated the interpretation of the plat that the developer and it had agreed upon. The county did not advocate the interpretation Cleland sought and their interests were not "identical." Also, footnote nine of *Post Properties* does not stand for the proposition that a landowner's interests are always identical to the governmental body's but merely rejects the argument that a landowner has a "specific interest" in proper zoning that is different from the government's "generalized interest," in the context of OCGA § 9-11-24 (a) (2). Id. at 219, n. 9. Even in the context of OCGA § 9-11-24 (a) (2), there is the opportunity to show that the representation is inadequate.

It is uncontroverted that in the prior proceeding the county advocated that the ordinance should be given the same interpretation the developer advocated. As Cleland championed a materially different interpretation, the county did not make an "adequate representation" of Cleland's interests, even if *Post Properties* language is applied. Cleland is not a privy of the county for purposes of applying collateral estoppel in this litigation. See *Miller*, supra at 387-388 (1).

Further, "[i]n order to successfully plead collateral estoppel . . . [cit.], one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision. [Cits.]" *Boozer v. Higdon*, 252 Ga. 276, 278 (1) (313 SE2d 100) (1984); see also *Miller*, supra at 387 (issue must be "actually adjudicated" in prior proceeding). As the interpretation advanced and accepted was uncontested, it was not "actually litigated" regardless of whether any party was theoretically representing Cleland. It was error to conclude that Cleland's action was barred by collateral estoppel.

The court also based its order on the ground that the action was

moot because the county had issued the requested certificate of occupancy and the property was sold to a third party. Cleland points out that during the hearing the court specified only collateral estoppel as a basis for its decision, but the court's written order specifies mootness as a ground for granting summary judgment (although dismissal would be the proper disposition of a moot appeal). After the written order was entered, Cleland moved for reconsideration and argued that basing the decision on mootness was beyond the intent the court declared at the hearing. The court has not acted upon Cleland's motion, and we must conclude that the court based its decision on the ground of mootness as well as collateral estoppel.

This is not a case in which an injunction against issuance of the certificate of occupancy was the only relief sought. Compare *Branch v. Housing Auth. &c. of Atlanta*, 134 Ga. App. 906, 907 (1) (216 SE2d 633) (1975). In addition to asking for a restraining order against the issuance of the certificate, Cleland sought a declaratory judgment on the meaning of the zoning ordinance, attorney fees for stubborn litigiousness, and damages to the value of her property. These claims survive the issuance of the certificate so the action below is not moot.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 3, 1997.

 Before Judge Rodatus, pro hac vice.

*Stanley E. Kreimer, Jr.*, for appellant.

*Caryl Sumner, Karen G. Thomas, Michael V. Stephens II, Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson*, for appellees.