**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 16, 2018**

# In the Court of Appeals of Georgia

A18A1359. SALEM CROSSING TOWNHOMES HOMEOWNERS
  ASSOCIATION, INC. v. WAGNER et al.

MERCIER, Judge.

Salem Crossing Townhomes Homeowners Association, Inc. ("the Association") appeals from the DeKalb County Superior Court's grant of summary judgment to Angela M. Wagner and Gerald Peterson on the Association's claim for homeowners association assessments. The superior court granted summary judgment based on the doctrine of res judicata. The trial court concluded, among other things, that a prior DeKalb County State Court judgment had determined that "Peterson's house is not subject to payment of assessments because it is not a unit as defined by the [Association] Covenants." "Although we conclude the [superior] court erred in granting summary judgment based on res judicata, the [superior] court's rulings

support the grant of summary judgment based on the closely-related doctrine of collateral estoppel[,]" and we therefore affirm. *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010) (citation omitted).

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *General Electric Capital Computer Services v. Gwinnett County Board of Tax Assessors*, 240 Ga. App. 629, 630 (1) (523 SE2d 651) (1999). A grant of summary judgment will be affirmed if it is right for any reason. See *Coffee Iron Works v. QORE, Inc.*, 322 Ga. App. 137, 139 (1) (744 SE2d 114) (2013).

Viewed in the light most favorable to the Association, the record shows that the underlying superior court case was the second of two collection cases between the Association and Peterson concerning homeowners association assessments allegedly due on the single-family detached residence owned by Peterson and Wagner. It is undisputed that the first collection case began in magistrate court on July 31, 2015, when the Association filed an action against Peterson for failure to pay homeowners

2

association assessments for the first, second and third quarters of 2015. The magistrate court found in favor of the Association. Peterson appealed to the state court and filed a motion for summary judgment, asserting his home is not subject to the requirement to pay front lawn landscaping assessments because he does not live in a "unit" as defined by the Association Covenants. Peterson introduced a copy of the Association Covenants, which stated that the Association shall maintain "all landscaped grounds areas within the boundaries of Units, except for landscaping, if any, contained within patio areas," and defined a "unit" as "a single-family attached [town home], the driveway and the lot upon which the house is constructed." The Association did not respond to Peterson's motion for summary judgment. Based on Peterson's motion, brief, affidavit, and statement of material facts not in dispute, the state court granted Peterson's motion for summary judgment in January 2016. The Association apparently did not appeal that decision.

On July 18, 2016, the Association filed a second collection lawsuit in DeKalb County Superior Court against Wagner and Peterson to collect unpaid homeowners association assessments, collection costs, late charges, interest, and attorney fees for the first, second and third quarters of 2016. Wagner and Peterson filed a motion for summary judgment, asserting the Association's claim was barred by the doctrine of

3

res judicata. The Association responded, claiming res judicata did not apply because there was no identity of the cause of action or an adjudication on the merits by a court of competent jurisdiction. The Association further argued that a 1992 amendment to the Association Covenants precluded Wagner and Peterson's definition of "unit." The Association moved for summary judgment, claiming Wagner and Peterson owed the unpaid assessments pursuant to the Association Covenants. The trial court granted Wagner and Peterson's motion for summary judgment, finding that res judicata precluded the Association's claim to unpaid 2016 assessments.

1. The Association first contends that the trial court erred in applying the doctrine of res judicata in this case. We agree. It is well-established that the doctrine of res judicata "prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Fulton County Tax Commissioner v. General Motors Corp.*, 234 Ga. App. 459, 465 (1) (507 SE2d 772) (1998) (citation and punctuation omitted). "Three prerequisites must be satisfied before res judicata applies -- (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Id. "The fact that the subject matter of different lawsuits may be linked factually does not mean

4

that they are the same 'cause' within the meaning of OCGA § 9-12-40.[1] For [res judicata] to act as a bar, 'the cause of action in each suit must be identical.'" *Morrison v. Morrison*, 284 Ga. 112, 115 (3) (663 SE2d 714) (2008) (citations omitted).

The Association does not disagree that the state and superior court cases involve an identity of the parties or their privies, but instead argues that the cases do not involve an identity of the cause of action because the final order in the state court case was entered in January 2016 "and could have only decided the amount of assessments owed by [Peterson and Wagner] to the Association prior to the date of the final order." The superior court action, on the other hand, sought assessments due after the state court's final order was entered. Clearly, the subject matter is not identical between the state court action and the superior court action: the state court action sought unpaid homeowners association assessments for the first, second, and third quarter of 2015, while the superior court action sought unpaid homeowners association assessments for the first, second, and third quarter of 2016. See *Oakwood Acceptance Corp., LLC v. Ahmad*, 271 Ga. App. 356, 357 (1) (609 SE2d 700) (2005)

---

[1] OCGA § 9-12-40 states as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

5

(each breach of contract payable in separate installments constitutes a separate cause of action). Because the cause of action in superior court is not identical to the one in state court, the doctrine of res judicata does not apply to preclude the superior court action. Id.

2. Finding that the doctrine of res judicata does not apply to bar the present action, we must determine whether the related doctrine of collateral estoppel applies. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." *Nicholson v. Shafe*, 294 Ga. App. 478, 480 (1) (669 SE2d 474) (2008) (citation and punctuation omitted). Collateral estoppel

> precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim -- so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.

*Fulton County Tax Commissioner*, supra at 465 (1) (citation omitted). The doctrine applies to "those issues that actually were litigated and decided in the previous action,

6

or that necessarily had to be decided in order for the previous judgment to have been rendered." *General Electric Capital Computer Services*, supra at 631 (1).

(a) The Association asserts that the state court did not adjudicate the merits of the underlying superior court case. According to the Association, "[t]he State Court Judgment made it clear that judgment was granted in favor of [Peterson] due to the Association's lack of response, not because it had found that [Peterson] and the Subject Property were not subject to the Declaration." The record belies this assertion. The state court's order specifically notes:

> The above-styled case, which is an appeal from Magistrate Court, comes before the Court on Defendant's Motion and Brief for Summary Judgment, which was filed on November 16, 2015, along with the Affidavit of Gerald Peterson and Statement of Material Facts not in Dispute. Plaintiff has filed no response to the motion. Defendant's Motion for Summary Judgment is hereby GRANTED.

Peterson's state court motion and brief for summary judgment, as well as his affidavit, argue and introduce evidence that Peterson's home is not subject to the Association Covenants because the residence does not meet the Association Covenants' definition of a "unit." Thus, contrary to the Association's argument, the state court order does not indicate that the court granted summary judgment based on the Association's failure to respond.

Furthermore, the state court was not authorized to grant summary judgment based solely on the Association's failure to respond to Peterson's motion. "Because there is no such thing as a default summary judgment," the Association's failure to respond to Peterson's motion for summary judgment did not automatically entitle Peterson to judgment in his favor. *Rapps v. Cooke*, 234 Ga. App. 131, 131 (1) (505 SE2d 566) (1998); see *Tselios v. Sarsour*, 341 Ga. App. 471, 473 (800 SE2d 636) (2017). Although the Association waived its right to present evidence in opposition to Peterson's motion for summary judgment by failing to respond, Peterson was still obligated to demonstrate from the pleadings and the evidence that summary judgment was appropriate. See *Rapps*, supra at 131-132 (1). By submitting a statement of material facts not in dispute, a supporting affidavit that complied with OCGA § 9-11-56 (e), and relevant portions of the Association Covenants with his motion for summary judgment, Peterson met his burden of demonstrating that summary judgment was appropriate because his house is not a "unit" as defined by the Association Covenants. See OCGA § 9-11-56 (e) ("When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that

8

there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

Moreover, contrary to the Association's argument, the state court necessarily adjudicated the merits of the issue raised in the superior court case. As the Association admits, the issue adjudicated by the state court was Peterson's liability for unpaid homeowners association assessments that accrued in the first three quarters of 2015. Given Peterson's basis for summary judgment and the trial court's ruling that Peterson was not liable for the unpaid 2015 homeowners assessments, the state court necessarily determined that Peterson's home does not constitute a "unit" within the meaning of the Association Covenants. Although the Association is now seeking unpaid 2016 homeowners association assessments, the issue of Peterson's liability for these assessments once again depends on whether his home qualifies as a "unit" under the Association Covenants, and resolution of the issue in superior court would require reconsideration of the state court's implicit ruling that Peterson's home is not a "unit" as defined by the Association Covenants. "This litigation therefore involves an issue that had been resolved on the merits in prior litigation, satisfying one aspect of collateral estoppel." *Body of Christ Overcoming Church of God*, supra at 487. As stated previously, "[c]ollateral estoppel does not require identity of the claim — so

9

long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim." *Rogers v. Estate of Harris*, 276 Ga. App. 898, 900 (625 SE2d 65) (2005) (citation and punctuation omitted).

(b) The Association next argues that the state court was not a court of competent jurisdiction to render a declaratory judgment about the future applicability of the Association Covenants to Peterson's home. According to the Association,

> neither the State nor Magistrate Courts in the first lawsuit had jurisdiction to make an adjudicatory declaration regarding whether or not the Appellees would be liable to the Association for future assessments or whether they were subject to the Salem Crossing Declaration of Covenants in the first place. The authority to issue declaratory judgments is a power reserved for the Superior Courts.

The Association's argument misses the mark.

It is true that superior courts have exclusive jurisdiction to hear and determine declaratory judgment actions. See OCGA § 9-4-2 (a); *Mitchell v. Southern General Ins. Co.*, 185 Ga. App. 870, 871 (1) (366 SE2d 179) (1988). However, this case was not brought as a declaratory judgment action, and the state court did not issue a declaratory judgment ruling. Whether Peterson's home is a "unit" under the Association Covenants so as to preclude the Association from collecting assessments

10

against Peterson was a germane issue in the state court case, and the state court had competent jurisdiction to determine that Peterson's home is not a "unit" under the Association Covenants. See OCGA § 15-7-4 (a) (2) (each state court shall have jurisdiction over the trial of civil actions without regard to the amount in controversy). The fact that the state court's legal conclusion is binding on the issue of whether Peterson's home meets the definition of a "unit" under the Association Covenants does not make it a declaratory judgment.

Because the issue was properly presented in the state court, and the state court appropriately handled the case, the state court order presented an adjudication on the merits in a court of competent jurisdiction. See *Fulton County Tax Commissioner*, 234 Ga. App. at 465 (1) ("it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not applicable") (citation and punctuation omitted). In the absence of significant factual change, and here no significant factual change has been shown, collateral estoppel on the issue of whether Peterson's home constitutes a "unit" under the Association Covenants was made applicable to the Association on all future collection suits relying on the definition of a "unit." See *General Electric Capital Computer Services*, 240 Ga. App. at 630 (1).

11

3. The Association argues that despite the state court's order, Peterson is liable for 2016 assessments under the Association Covenants. According to the Association, Peterson presented the state court with incomplete and misleading evidence by failing to mention or introduce a 1992 amendment to the Association Covenants. The Association notes that detached single family residences did not exist in the Salem Crossing community when the original Association Covenants were recorded. However, in June 1992, the Association Covenants were amended to include these detached homes as "units." Hovis Homes, Inc., the developer, owned the subject property at the time and agreed to the amendment. In 1993, Hovis Homes deeded the property to Michael and Laura Thomas, and the Thomases deeded the property to Peterson and Wagner in 2004. Thus, according to the Association, Peterson and Wagner's home is a "unit" as defined by the Association Covenants.

However, the record is clear that the state court's order was entered in January 2016, well after any amendment to the Association Covenants' definitions. Thus, evidence of the 1992 amendment to the Association Covenants does not qualify as a significant factual change occurring after the state court's final order. See generally *General Electric Capital Computer Services*, supra. If the Association wanted to introduce evidence disputing Peterson's claim in state court, it was required to

respond to Peterson's motion for summary judgment, see OCGA § 9-11-56 (e), appeal the state court's judgment, see OCGA § 5-6-38 (a), or move to set aside the judgment under OCGA § 9-11-60 (d). The Association failed to take any of these actions, and it cannot attack the validity of the state court's judgment by filing a new action and arguing that the state court's judgment was based on incomplete or misleading evidence. See OCGA §§ 5-6-38 (a) (in general, adverse ruling must be appealed within 30 days), 9-12-40 (judgment of court of competent jurisdiction conclusive between parties as to all matters put in issue unless reversed or set aside).

The Association's failure to appeal the state court's final order precludes any argument challenging the merits of that judgment, and any portion of this appeal challenging the state court's judgment is not properly before us. See *Bienert v. Dickerson*, 276 Ga. App. 621, 622-623 (1) (624 SE2d 245) (2005); see generally *Hooper v. Harris*, 236 Ga. App. 651, 652 (1) (512 SE2d 312) (1999) (unappealed ruling is res judicata and appellate court cannot review merits of unappealed ruling). Thus, the state court's ruling that the Association is not entitled to recover homeowners association assessments because Peterson's home is not a "unit" as defined by the Association Covenants is binding upon the Association. See generally *Rogers*, supra at 899-900; *Bienert*, supra.

13

Inasmuch as the Association was a proper party in the state court action, the state court action properly and necessarily determined that Peterson's home is not subject to the payment of homeowners association assessments because it is not a "unit" as defined by the Association Covenants, the state court's order became a final judgment unappealed by the Association, and there has been no significant factual change since the state court's ruling, collateral estoppel on the issue of Peterson's liability for assessments based on the Association Covenants is applicable to the homeowners assessments currently sought in the superior court action. Thus, the DeKalb County Superior Court properly granted summary judgment to Wagner and Peterson. *Body of Christ Overcoming Church of God*, supra at 486; *Coffee Iron Works*, supra.

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*