**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 1, 2021**

# In the Court of Appeals of Georgia

A21A1339. AMASON v. HIGHLAND PARK HOMEOWNERS'
    ASSOCIATION, INC.

MCFADDEN, Presiding Judge.

Highland Park Homeowners' Association, Inc. sued William R. Amason for damages and injunctive relief, alleging that he had violated Highland Park's declaration of protective covenants. The trial court granted Highland Park's motion for summary judgment and denied Amason's motion for summary judgment, and Amason filed this appeal.

Amason argues that he is entitled to summary judgment because this action was previously litigated and thus Highland Park's claim is barred by res judicata. But there is no identity of the causes of action in the two lawsuits, so the trial court did not err in denying his motion for summary judgment on this ground. Amason argues

that the trial court erred in granting Highland Park's motion for summary judgment because his property is not subject to the declaration of protective covenants. But the undisputed evidence shows to the contrary. Amason argues that the trial court erred by denying his motion for stay before ruling on Highland Park's summary judgment motion. But he has not shown an abuse of discretion. Finally, Amason argues that Highland Park waived and is estopped from asserting its claims. But he has not shown waiver. So we affirm.

1. *Background*.

A trial court may grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Pennington v. Gwinnett County*, 329 Ga. App. 255 (764 SE2d 860) (2014) (citation and punctuation omitted).

So viewed, the record shows that in 2007, Amason acquired the property at issue, Land Lots 1164 and 1191, via quitclaim deed from his former spouse as part of their divorce. Four years later, Highland Park filed a claim against Amason in

magistrate court for unpaid homeowners' association dues. The magistrate court entered judgment in favor of Highland Park, and Amason appealed to state court. In 2018, the state court entered an order that provided:

> The Court has been advised that the above-styled action has been settled. Therefore, it is not necessary that the action remain upon the calendar of the Court. Accordingly, it is **HEREBY ORDERED** that this action is **DISMISSED** without prejudice. The Court retains complete jurisdiction to vacate this Order and to reopen the action if necessary. If the Court receives no motion to vacate within 30 days hereof, the dismissal shall be with prejudice.

Highland Park did not move to vacate the order within 30 days. Eight months later, Highland Park moved to set aside the order on the ground that, in fact, there had been no settlement. The state court denied the motion.

In July 2020, Highland Park filed the instant complaint, seeking homeowners' assessments that Amason allegedly had not paid, an injunction requiring Amason to maintain the property in accordance with the declaration of protective covenants, fines for his failure to comply with the declaration of protective covenants, and interest, attorney fees, and expenses of litigation.

The parties filed motions for summary judgment, and the trial court granted Highland Park's motion and denied Amason's motion. Amason then filed this appeal.

2. *Res judicata and collateral estoppel do not bar this action.*

Amason argues that the trial court erred in denying his motion for summary judgment because Highland Park's action is barred by the doctrine of res judicata. He argues that the action in state court and this action involve the same threshold issue — whether his property is subject to the declaration of protective covenants — so Highland Park could not again litigate that issue. We disagree.

OCGA § 9-12-40 codifies the common law rule of res judicata, *James v. Intown Ventures*, 290 Ga. 813, 815 (2) (725 SE2d 213) (2012), and provides, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

> [T]hree prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction. "Cause of action," in turn, is the entire set of facts which give rise to an enforceable claim[,] with special attention given to the "wrong" alleged.

*Coen v. CDC Software Corp.*, 304 Ga. 105, 112 (2) (816 SE2d 670) (2018) (citations and punctuation omitted). "The fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same 'cause' within the meaning of OCGA § 9-12-40. For res judicata to act as a bar, the cause of action in each suit must be identical." *Salem Crossing Townhomes Homeowners Assn. v. Wagner*, 347 Ga. App. 621, 623, (1) (820 SE2d 453) (2018) (citation, punctuation, and footnote omitted).

Amason has not shown identity of cause of action. In the state court action, Highland Park sought assessments payable as of February 2011, when it filed its statement of claim in the magistrate court. In the instant suit, Highland Park sought injunctive relief to require Amason to comply with the declaration of protective covenants regarding maintenance of his property; fines for violating the declaration of protective covenants; assessments from January 1, 2017 to October 15, 2020; and interest, costs, and attorney fees.

"Although both of [Highland Park's] lawsuits are related to the [declaration of protective covenants], the two suits are based on different wrongs and different sets of operative facts; accordingly, the suits contained different causes of action and the second suit is not barred by res judicata." *Coen*, 304 Ga. 113 (3). See also *Salem*

5

*Crossing*, 347 Ga. App. at 623 (1) (two lawsuits seeking homeowners' assessments for different periods of time stated different causes of action).

"Finding that the doctrine of res judicata does not apply to bar the present action, we [will] determine whether the related doctrine of collateral estoppel applies." *Salem Crossing*, 347 Ga. App. at 623 (2).

> Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided.

*Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995) (citations omitted).

6

Collateral estoppel does not bar litigation of the issue of whether Amason's property is subject to the declaration of protective covenants, because that issue was not actually litigated and decided, and did not necessarily have to be decided, in the state court action.

The state court dismissed Highland Park's action because the court had been informed that the case had settled. The state court did not decide the issue of whether Amason's property is subject to the declaration of protective covenants. See *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 547-548 (629 SE2d 260) (2006) (issue of whether insured timely notified insurer of lawsuit was not actually litigated and decided in prior lawsuit that ended in default judgment against insured); *Waldroup*, 265 Ga. at 867-868 (2) (issues in wrongful death lawsuit were not actually litigated and decided in prior malpractice lawsuit that was dismissed for failure to file an OCGA § 9-11-9.1 expert affidavit); *Cleland v. Gwinnett County*, 226 Ga. App. 636, 638 (487 SE2d 434) (1997) (because interpretation of ordinance in prior litigation was uncontested, it was not actually litigated). See also *Blakely v. Couch*, 129 Ga. App. 625, 628 (200 SE2d 493) (1973) (when judgment is entered in conformance with a settlement agreement, there has not been an adjudication on the merits). Only where the determination of an issue of fact or law is essential to the earlier judgment

7

is that determination conclusive in a subsequent action between the same parties. *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995).

Since the issue of whether Amason's property is subject to the declaration of protective covenants was not actually litigated and was not essential to the state court judgment, collateral estoppel does not bar this action. The trial court did not err in denying Amason's motion for summary judgment based on the ground of res judicata or collateral estoppel.

3. *Amason's property is subject to the declaration of protective covenants.*

Amason argues that the trial court erred in granting Highland Park's motion for summary judgment because the undisputed evidence shows that his property is not subject to Highland Park's declaration of protective covenants. We hold that Amason has presented no evidence creating a question of material of fact on this issue. On the contrary, the evidence establishes that Amason's property was made subject to those covenants under a unilateral power granted to HP Development Company by the declaration of protective covenants and also with the consent of Amason's predecessor in title.

HP Development Company recorded the "Declaration of Protective Covenants for Highland Park" in the superior court on September 18, 1991. Article II, Section

1 and an attached exhibit described the property that HP Development Company was submitting to be subject to the declaration. Amason's property was not listed.

But Article II, Section 2 of the declaration provided that HP Development Company and Highland Park Homeowners Association had the right to subject other property to the declaration. An exhibit to the declaration listed the additional property that "unilaterally [could] be submitted by declarant," HP Development Company, for inclusion, and Amason's parcel was in that list.

Article IX, Section 1 (a) described how HP Development Company could unilaterally annex the listed property into the declaration. That section provided:

> As the owner thereof or, if not the owner, with the consent of the owner thereof, [HP Development Company] shall have the unilateral right, privilege, and option from time to time at any time until six (6) years after the recording of this Declaration to subject all or any portion of the real property described in [the attached exhibit] to the provisions of this Declaration and the jurisdiction of the Association by filing for record in the county in which the property to be annexed is located a Supplementary Declaration describing the property being subjected.

In May 1992, less than one year into that six-year period, HP Development Company conveyed the parcel that came to be Amason's to Hedgewood at Highland Park, Inc., noting that the deed was delivered "subject to restrictions and easements

9

of record" applicable to the property. Those restrictions, of course, included that the parcel could be submitted for inclusion in the declaration of protective covenants with Hedgewood's consent.

On August 7, 1992, HP Development Company recorded a Supplementary Declaration of Protective Covenants for Highland Park. In the Supplementary Declaration, HP Development Company stated that it "now desires to subject to the provisions of the Declaration a portion of the real property described on [the exhibit attached to the original declaration]. Declarant is the owner, or if not the owner has the consent of the owner, of the real property described in Exhibit 'A' hereto[,]" an exhibit listing the portions of real property to be included. Amason's property was listed in Exhibit A.

On August 24, 1992, Hedgewood conveyed the property to Amason's predecessors in title. The warranty deed recited that the conveyance was made subject to "that certain Declaration of Protective Covenants for Highland Park, dated September 18, 1991 and recorded in . . . Fulton County, Georgia Records. . . ."

The trial court correctly determined that Amason's property is subject to the declaration of protective covenants.

Amason argues that Highland Park has not presented evidence that Hedgewood consented to subject the property to the declaration of protective covenants, and so that Highland Park has not presented sufficient evidence to show that his parcel is subject to the declaration of protective covenants. But in the Supplementary Declaration, HP Development Company expressly asserted that it had the consent of then-property owner Hedgewood to annex the property to the declaration of protective covenants. Amason has pointed to no evidence creating a question of fact on this issue.

Moreover, when Hedgewood conveyed the parcel to Amason's predecessors in title, the deed

> expressly made [their] interests in the conveyed property subject to the terms of the Declaration. . . . By accepting a deed with covenants and restrictions, [the predecessors in title] consent[ed] to be bound by such covenants and restrictions. . . . [The eventual] conveyance of the lot[] to [Amason] was also made subject to the Declaration because a grantor in a deed can convey only that which it owns and a grantee takes no greater title than that held by the grantor.

*Homelife on Glynco v. Gateway Center Commercial Assn.*, 348 Ga. App. 97, 102 (1) (819 SE2d 723) (2018) (citations and punctuation omitted). See also *Great Water*

11

*Lanier v. Summer Crest &c. Homeowners Assn.*, 344 Ga. App. 180, 185-188 (1) (811 SE2d 1) (2018).

4. *The trial court did not abuse her discretion in denying Amason's motion for stay*.

Amason argues that the trial court abused her discretion in denying his motion for stay to allow him time to conduct discovery and to obtain affidavits in support of his response to Highland Park's motion for summary judgment. He has not shown an abuse of discretion.

Highland Park moved for summary judgment on October 20, 2020. The trial court granted Amason an extension of time until December 11, 2020, to respond to the motion. On December 11, Amason sought an additional three-day extension to respond, noting that no discovery was outstanding. The trial court granted that three-day extension.

On December 14, 2020, Amason filed his response to Highland Park's motion for summary judgment as well as an amended answer, his own motion for summary judgment, and a motion for a stay pursuant to OCGA § 9-11-65 (f) with respect to Highland Park's motion for summary judgment. In support of the motion for a stay, Amason filed his attorney's affidavit in which the attorney testified that he needed

12

additional time, primarily to obtain expert witnesses. Amason argues that the trial court erred by denying his motion for stay.

 OCGA § 9-11-56 (f) provides:

> Should it appear from the affidavits of a party opposing [a] motion [for summary judgment] that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just.

"The granting or denial of a motion under OCGA § 9-11-56 (f) lies in the sound discretion of the trial judge and will not be reversed absent a showing of clear abuse of discretion." *Hernandez v. Schumacher Group Healthcare Consulting*, 352 Ga. App. 838, 845 (2) (835 SE2d 787) (2019) (citation and punctuation omitted), disapproved in part on other grounds in *Bowen v. Savoy*, 308 Ga. 204, 209 n. 7 (839 SE2d 546) (2020).

Given that no discovery was outstanding and that the trial court twice had extended the time for Amason's response to Highland Park's summary judgment motion, we cannot say that the trial court clearly abused her discretion in denying Amason's motion under OCGA § 9-11-56 (f). Cf. *Parks v. Hyundai Motor America*,

13

258 Ga. App. 876, 877-880 (1) (575 SE2d 673) (2002) (holding that the trial court abused its discretion in failing to grant an OCGA § 9-11-56 (f) motion when the plaintiffs had served discovery requests and moved to compel discovery, because it was possible that such discovery could have added "substance" to the plaintiffs' case); *McCall v. Henry Med. Center*, 250 Ga. App. 679, 685 (2) (551 SE2d 739) (2001) (holding that the trial court abused its discretion in failing to grant an OCGA § 9-11-56 (f) motion when the plaintiff had moved to compel discovery and such discovery could have added "substance" to the plaintiff's case).

5. *Amason has not shown waiver*.

Amason argues that by failing to "complet[e] the judicial process" (in that it failed to file an appeal in the 2011 state court action that originated in magistrate court), Highland Park waived its right to pursue this action. In support of his argument, he cites only cases that discuss waiver generally.

"Waiver is the voluntary relinquishment of a known right and may be established by express statements or implied by conduct. An implied waiver is one shown by a party's decisive, unequivocal conduct reasonably inferring the intent to waive." *Kennestone Hosp. v. Hopson*, 273 Ga. 145, 148 (538 SE2d 742) (2000) (citations and punctuation omitted). Amason does not point to any express statement

14

by Highland Park waiving its right to pursue this action. And Highland Park's failure to file an appeal in the state court action is not decisive, unequivocal conduct from which its intent to waive can be inferred.

Amason has failed to show trial court error in the grant of Highland Park's motion for summary judgment. So we affirm.

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.